IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUAN QUINTANILLA-SERRANO,
#14319-021,

Petitioner,

vs.

JAMES CROSS,

Respondent.                                         Case No. 13-cv-399-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

This case is before the Court on petitioner's writ of habeas corpus, which was filed on April 25, 2013 (Doc. 1). Petitioner, who is currently incarcerated in Greenville Federal Correctional Institution ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner appears to be challenging his "possible deportation"[1] and the conditions of his confinement[2] (Doc. 1, p. 4; Doc. 1-2, pp. 1-44).

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court

---

[1] As discussed below, petitioner provides virtually no details in his petition regarding his reason for filing this action, beyond indicating that he is challenging his "BICE/possible deportation" (Doc. 1, p. 4).
[2] Attached to his petition are a supporting memorandum and a 44-page exhibit, both of which appear to exclusively address petitioner's attempts to exhaust his administrative remedies as they pertain to his request for a larger cell without cellmates (Doc. 1-1; Doc. 1-2, pp. 1-44).

judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition and exhibits in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

## THE HABEAS PETITION

In his habeas petition, petitioner indicates that he is challenging his "BICE/possible deportation" (Doc. 1, p. 4). Beyond this, petitioner provides no information regarding the underlying basis for this action. Review of Petitioner's related federal cases sheds some light on this matter. Petitioner pled guilty to a violation of 8 U.S.C. § 1326 for reentry of a removed alien following an aggravated felony conviction ("unlawful reentry case"). *United States v. Juan Quintanilla-Serrano*, Case No. 09-cr-00140-JRH-WLB (S.D. Ga., Doc. 24). At his sentencing hearing on April 13, 2010, Petitioner attempted to challenge the underlying conviction that resulted in his original deportation[3] (*Id.*, Doc. 38, pp. 15-17). After explaining that it could not revisit the underlying conviction, the District Court for the Southern District of Georgia sentenced petitioner to fifty-one months of imprisonment and three years of supervised release in the unlawful reentry case (*Id.*, pp. 19-20, 24-25). The court explained that "[u]pon release from

---

[3] Petitioner previously pled guilty to the felony convictions, which led to his original deportation.

confinement, the defendant shall be delivered to a duly-authorized Immigration and Customs Enforcement officer for deportation proceedings. . ." (*Id.*, Doc. 38, p. 25). The court entered the following notation into the sentencing minutes: "deportation ordered upon completion of sentence" (*Id.*, Doc. 24, p. 1). For purposes of this Order, the Court assumes that petitioner is challenging the order for deportation imposed during sentencing in the unlawful reentry case.

Within days of his sentencing, petitioner filed a direct appeal of his judgment and conviction on April 16, 2010 (*Id.*, Doc. 26). *See also United States v. Juan Quintanilla-Serrano*, Case No. 10-11731 (11th Cir. 2010). In the appeal, petitioner argued that the district court erred in failing to consider a collateral attack on his prior felony convictions and deportation before sentencing petitioner under 8 U.S.C. § 1326 for reentering the United States without proper permission (*Id.*, Appellant's Brief, p. 10). Petitioner also asserted ineffective assistance of counsel in the unlawful reentry case (*Id.*, p. 12). The Eleventh Circuit affirmed petitioner's judgment and conviction on January 6, 2011, and dismissed the appeal. *See Quintanilla-Serrano*, Case No. 09-cr-00140-JRH-WLB (S.D. Ga., Doc. 47).

Twice, petitioner requested a copy of his sentencing transcript without payment, for the purpose of preparing a 28 U.S.C. § 2255 motion (*Id.*, Docs. 48, 50). Twice, the District Court for the Southern District of Georgia denied his request (*Id.*, Docs. 49, 52). The first denial was based on petitioner's failure to

file a § 2255 motion or allege any facts related to the anticipated motion[4] (*Id.*, Doc. 49). The second denial was based on petitioner's continued failure to file a § 2255 motion before requesting a copy of the transcript[5] (*Id.*, Doc. 52). To date, petitioner has not filed a § 2255 motion.

Normally, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255. This remedy typically supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (A "prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner failed to seek a remedy under 28 U.S.C. § 2255 before filing this action. It appears that petitioner intended to do so, and it is unclear to the Court

---

[4] Before granting petitioner's motion for a free transcript, the court was required to conduct a frivolity analysis under 28 U.S.C. § 753. If the circuit judge determined that the § 2255 motion was not frivolous and the transcript was needed to decide the issues presented, the Court could grant Petitioner's motion for a sentencing transcript. Petitioner's failure to set forth any facts related to his § 2255 motion prevented the court from conducting this analysis.

[5] In his second motion requesting a sentencing transcript, petitioner did set forth the basis of his anticipated § 2255 motion. Petitioner stated that he unknowingly waived his right to apply for suspension of deportation after: (1) counsel in the underlying felony case failed to explain the effect of a guilty plea; (2) counsel did not represent him at a deportation proceeding; and (3) counsel failed to advise him that he could not review his deportation order (*Id.*, Doc. 50). The court never reached the merits of these claims.

why he did not. In his instant petition, petitioner provides no explanation. Further, he makes no argument that the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. Even construing petitioner's pleadings liberally at this stage, as the Court must, it is absolutely unclear what petitioner is actually challenging and what relief he is seeking. His vague reference to a "BICE/possible deportation" challenge is woefully inadequate, even at this stage, and his habeas petition shall be **dismissed without prejudice**.

### PETITIONER'S REQUEST FOR A MULTIPLE-MAN CELL

Along with his habeas petition, petitioner filed a supporting memorandum and forty-four additional pages of documentation related to his efforts to exhaust administrative remedies (Docs. 1-1, 1-2). However, the documentation primarily, if not solely, addresses his request for placement in a multiple-man cell (Doc. 1-2, pp. 1-44). Petitioner claims that he is claustrophobic and unable to get along with cellmates (Doc. 1-2, pp. 32, 34, 36-37, 39-40). He requests placement in a larger cell without cellmates. The documentation bears no relationship to petitioner's deportation challenge. Rather, Petitioner appears to be raising an Eighth Amendment claim for unlawful conditions of confinement. To the extent he is doing so, his claim is dismissed.

Petitioner's conditions of confinement claim cannot be addressed in this habeas proceeding because these conditions do not pertain to the fact or duration of his incarceration (Doc. 1-2, pp. 1-44). *See Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (recognizing habeas as a means of challenging only the fact

or duration of custody).  The federal habeas corpus statute cannot be used to challenge conditions of confinement.  See 28 U.S.C. § 2241(c)(3); *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005); *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003); *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).  Thus, if Petitioner wishes to seek any remedy for the allegedly unconstitutional conditions of his confinement, he must bring a separate civil rights action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  This directive should not be construed as an opinion on the merits of petitioner's potential civil rights claim.

## DISPOSITION

The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **DISMISSED without prejudice**.

Petitioner's Eighth Amendment claim challenging the conditions of his confinement is **DISMISSED without prejudice**.

**IT IS SO ORDERED**.

Signed this 3rd day of May, 2013.

Digitally signed by David R. Herndon
Date: 2013.05.03 15:29:13 -05'00'

**Chief Judge**
**United States District Court**